1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

**GERALD ONWUKEME, ET AL,**

Plaintiffs,

Case No. 19-cv-7263 YGR

8
9

v.

**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE**

10

**COSTCO WHOLESALE CORP.,**

Defendant.

11
12

Having considered the filings to date and the arguments and other submissions at the

13

Pretrial Conference, held on February 26, 2021, for good cause shown the Court enters the

14

following orders:

15

1.  **Trial Date and Schedule:**   In light of the ongoing COVID-19 pandemic, the jury trial of this

16

matter is vacated.  Once the District is regularly trying cases, the parties will be contacted

17

about rescheduling.

18

2.  For informational purposes, in general, jury selection shall begin at beginning at 9:00 a.m. All

19

remaining trial days shall begin at 8:30 a.m.  Counsel shall arrive in court early enough to

20

proceed promptly at 8:00 a.m.  Trial schedule will be Monday through Friday, from 8:30 a.m.

21

to 1:30 p.m. with two fifteen-minute breaks.  Additional time may be scheduled for matters

22

outside the presence of the jury as necessary and determined by the Court.  Sidebars are not

23

permitted.  Counsel should be prepared to anticipate issues so that they may be addressed

24

outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene

25

with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

26

3.  The parties shall each be afforded **8 hours** to present their case, including opening statements

27

and closing arguments.  The parties shall receive daily timesheets advising of the time

28

remaining.  Any concerns must be raised immediately or will be waived.  The Court shall note

United States District Court
Northern District of California

United States District Court
Northern District of California

on the timesheets any amount of time that plaintiffs and defendant want to reserve one for closing arguments.

4. **<u>Standard Motions *in Limine*</u>:**  The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; and (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance.

    A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).  The Court's rulings on the motions *in limine* will be issued by separate orders.

5. Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

6. **<u>Witnesses:</u>**  The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference.  Here, Docket Numbers 56, 59, 61, and 62, Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

7. **By March 26, 2021**, the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during voir dire.  The list shall be legible and formatted to fit on one page.

8. **<u>Exhibits and Exhibit Lists:</u>**  The parties are limited to using the exhibits submitted on the Exhibit List.  Here, Docket Numbers 58 and 60. That said, the Court understands that proceedings are in progress to compel compliance with subpoenas.  With respect to those documents, the Court would not exclude them on the basis of timeliness.

    No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

    The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

United States District Court
Northern District of California

9.  **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so.  The U. S. Marshal service requires a court order to allow equipment into the building.  Parties will need to file request and proposed order.

10. Parties may use underlined encrypted digital wireless system that includes a receiver and transmitter with XLR connector.

11. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

12. **Jurors and Peremptory Challenges:**  The Court will seat a total of seven (7) jurors and no alternates.  The Court sets the number of peremptory challenges at three (3).  *Batson* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.  Parties will each be afforded 15 minutes for *voir dire*.

13. **Introductory Jury Instructions**: In general, the Court will give Model Instructions 1.3, 1.5-1.21, 2.2, 2.4, 2.11-2.16, and 3.1–3.5 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition).

14. **Opening Statements:**  Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial.  Any objections not resolved must be filed in writing by the Thursday before trial.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

15. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:**  To the extent not already provided, counsel shall lodge with the Court on the first day of trial a copy of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

16. **Doe Defendants**:  All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

17. **Depositions to be Used at Trial:**  Any party intending to use a deposition transcript at trial for

3

any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts shall occur no later than **fourteen (14) before the rescheduled trial date.**

18. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

19. **<u>Video Depositions at Trial:</u>**  A video deposition may only be shown after the designations, counter-designation and objections are resolved.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall provide to the court reporter in pdf format the testimony as played on the same day as the video is played.  The court reporter will insert a parenthetical in the transcript and index and append the pdf of the testimony to the end of that day's transcript.

20. **<u>Witnesses at Trial:</u>**  The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon. The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

21. **<u>Objections:</u>**  There shall be no "speaking objections," and no rebuttal unless requested by the

United States District Court
Northern District of California

4

Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

22. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

23. **Interpreters:**  If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is offered in compliance with Government Code §§ 68560 *et seq*., Evidence Code §§ 750 through 755.5, C.R.C. 2.890 *et seq*., and all Local Rules.

24. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of the trial.

25. **Further Settlement Conference/Mediation:**  The parties shall engage in a mandatory settlement conference with Magistrate Judge Kim as directed by her.

26. **Settlement:** Counsel shall promptly notify the Court by phone and email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement.  The notification shall indicate what further steps need to be taken to finalize the settlement.   Unless the Court receives notice of settlement by 4:00 p.m. on the Friday prior to the Monday trial, jury costs will be assessed where the parties do not proceed to trial as scheduled. Civ. L.R. 40-1.  Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

27. **Trial Decorum and Procedure:**  Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

United States District Court
Northern District of California

28. **Failure to Comply:**   Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

     **IT IS SO ORDERED.**

Dated: March 1, 2021

                               **YVONNE GONZALEZ ROGERS**
                         **UNITED STATES DISTRICT COURT JUDGE**